## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **MCCOY GLOBAL INC.,** | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | **CASE NO. 6:24-CV-00604-FB-DTG** |
| | § | |
| **KEYSTONE ENERGY TOOLS, LLC,** | § | |
| *Defendant,* | § | |

### REPORT & RECOMMENDATION TO DENY MOTION
### TO DISMISS FOR FAILURE TO STATE A CLAIM (DKT. NO. 18)

**TO:    THE HONORABLE FRED BIERY,**
**UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Pending before the Court is the defendant, Keystone Energy Tools, LLC's motion to dismiss the complaint for failure to state a claim (Dkt. No. 18). The motion is fully briefed, and the Court finds that a hearing is unnecessary. After careful consideration of the briefs, arguments, and the applicable law, the Court **RECOMMENDS** that the motion be **DENIED**.

### I.    BACKGROUND

The plaintiff, McCoy Global Inc., is a technology and service company specializing in well construction. Dkt. No. 1 ¶ 12. Among other things, it produces a tool for gripping and supporting the tubulars at drilling sites known as the smartFMS™ Flush Mounted Spider. *Id.* ¶¶

12–14. The smartFMS™ Flush Mounted Spider's design is the subject of U.S. Patent 9,598,917 (the "'917 Patent"). *Id.*

The defendant, Keystone Energy Tools, LLC, manufactures and sells oilfield tools, including a 27 ½" Flush Mounted Spider, also known as the "KET Spider." Dkt. No. 18 at 1. The plaintiff claims that the KET Spider infringes on "at least claim 1" of the '917 Patent. *Id.* ¶ 17.

## II.    LEGAL STANDARD

To survive the defendant's motion to dismiss under Rule 12(b)(6), the plaintiff's complaint needs to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff meets this standard if the facts as plead allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Simply reciting claim elements or making conclusory allegations are insufficient to meet this standard. *See Textile Comput. Sys., Inc. v. Broadway Nat'l Bank*, 620 F.Supp.3d 557, 561–62 (W.D. Tex. 2022). In the context of a patent case, this requires the plaintiff to allege enough facts to put "a potential infringer . . . on notice of what activity or device is being accused of infringement." *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013); *see also Golden v. Apple Inc.*, 819 F. App'x 930, 930–31 (Fed. Cir. 2020) (Patent infringement claims "are subject to the pleading standards established by . . . *Twombly*, 550 U.S. 544 . . . and . . . *Iqbal*, 556 U.S. 662 . . . .").[1] When deciding this motion, the Court takes all well-pleaded facts as

---

[1] Before December 1, 2015, when Fed. R. Civ. P. 84 and Form 18 were abrogated, "Form 18 in the Appendix of Forms provided a form adequate to plead a direct infringement patent claim." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1258 (Fed. Cir. 2018) (citing *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012)). Now that Form 18 has been eliminated, the pleading standard for direct infringement is governed by *Twombly* and *Iqbal*. *See Golden*, 819 F. App'x at 930–31.

true and views them in the light most favorable to the plaintiff. *See Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012).

### III.    ANALYSIS

This motion turns on the language found in claim 1 of the '917 Patent, which covers:

> A pipe gripping apparatus for placement in a rotary table opening, comprising: a base having a lower passage for the pipe to pass through, said base shaped to enter said opening; a plurality of spaced members extending from said base and terminating in upper ends with interconnecting members therebetween, adjacent said upper ends, to define a closed segmented ring structure with an outer periphery having the shape of said opening for direct torque resistance transmitted from the pipe when supported by said spaced members; said interconnecting members separating said spaced members to form said closed segmented ring structure while enabling dimensional change of said ring structure with interconnecting members of different dimensions.

Dkt. No. 1-1 at 7.

The defendant argues that the complaint's direct infringement allegation fails at the pleading stage for three reasons. First, the defendant claims that the plaintiff fails to sufficiently identify any "interconnecting members" on the plaintiff's KET Spider. Dkt. No. 18 at 9. Second, the defendant argues that the complaint fails to create a plausible inference that the KET Spider utilizes a "closed segmented structure." *Id.* Finally, the defendant argues that the claim chart fails to address claim 1's requirement for "an outer periphery having the shape of [a rotary table's] opening for direct torque resistance transmitted from the pipe when supported by movable slips that are supported by said spaced members." *Id.* at 10.  The defendant claims that the Court must also dismiss the plaintiff's indirect infringement allegation if it dismisses the direct infringement allegation. *Id.* at 12. The plaintiff, however, argues that the defendant raises a claim construction dispute and that must be resolved after discovery and a *Markman* hearing. Dkt. No. 22 at 11–12. Having considered each argument carefully, the Court agrees with the plaintiff.

### A. Direct Infringement.

**1. The Claim Chart Sufficiently Identifies "Interconnecting Members."**

In its claim chart, the plaintiff uses a diagram of the KET Spider to identify the features which it claims are "interconnecting members," as shown below.




Dkt. No. 1-2 at 5.

The defendant argues that the plaintiff points to "U-shaped shackles" on the KET Spider's exterior but fails to explain how these shackles interconnect. Dkt. No. 18 at 9. The plaintiff asserts that the diagram identifies the "horizontal, beam-like structure" connecting the spaced members. Dkt. No. 22 at 7.

The Court finds that the above diagram sufficiently identifies the KET Spider's "interconnecting members" to satisfy the pleading requirements. While the U-shaped shackles are located near the horizontal structure, the diagram identifies the horizontal structure at three different points, including one where there is no shackle in sight. From this diagram, a potential infringer is put on notice as to how it is accused of infringement, which is all that is required at

the pleadings stage. *See K-Tech Telecomms., Inc.*, 714 F.3d at 1284. The Court therefore rejects the defendant's first argument.

### 2. The Defendant's Arguments on the Meaning of "Closed Segmented Ring Structure" Should Be Resolved During Claim Construction.

The defendant next asserts that the plaintiff "conveniently" encircles the entirety of the KET Spider but fails to identify a specific "closed segmented ring structure" as required by the '917 Patent. Dkt. No. 18 at 9. The defendant further argues that the KET Spider cannot satisfy this claim term. *Id.* at 11. The KET Spider, the defendant asserts, has an "open C-shaped" design. *Id.* Because the '917 Patent describes a closed ring tool, the defendant argues that the KET Spider is facially inconsistent with infringement. *Id.* at 10. But the plaintiff counters that the defendant's argument improperly limits the "closed" term to O-shaped structures. Dkt. No. 22 at 11. The plaintiff argues that this is a difference in claim constructions that should be resolved during claim construction and is inappropriate to address at the pleading stage. *Id.*

The Court rejects the defendant's argument that the claim chart fails to sufficiently identify a "closed segmented ring structure" on the KET Spider. For one, the plaintiff only encircles part, not all, of the KET Spider, and clearly identify the specific portions of the device that define the closed segmented ring structure. *See* Dkt. No. 1-2 at 6–7.  Additionally, the Court notes that the defendant is able to argue with particularity how the identified portions do not fall within the claim term's meaning. *See, e.g.,* Dkt. No. 18 at 3. This demonstrates that the plaintiff's complaint has made the defendant aware of which aspects of the KET Spider are accused of infringement as required by the pleadings. The Court turns to whether the KET Spider's design is so facially inconsistent with the '917 Patent as to warrant dismissal at the pleading stage.

In patent infringement suits, a plaintiff does not need to prove its case at the pleading stage. *Bot M8 LLC v. Sony Corp. of America*, 4 F.4th 1342, 1346 (Fed. Cir. 2021) (citing *In re Bill of Lading*, 681 F.3d at 1339). Still, "a patentee may subject its claims to early dismissal by pleading facts that are inconsistent with the requirements of its claims." *Id.* (quoting *Nalco Co. v. Chem-Mod, LLC*, 883 F3d 1337, 1348–50 (Fed. Cir. 2018)). If the parties dispute a claim's requirements, courts ruling on a motion to dismiss should generally adopt the non-moving party's claim constructions or, if it wishes, engage in claim construction, provided the parties are given notice and an opportunity to be heard. *Adnexus Inc. v. Meta Platforms, Inc.*, 160 F.4th 1216, 1222 (Fed. Cir. 2025). While "sometimes a claim's meaning may be so clear . . . that no additional process is needed," courts must refrain from construing claims against the non-movant without providing them an opportunity to be heard if the parties are both able to identify portions of the specification that arguably support their preferred interpretations. *Id.* (quoting *UTTO Inc. v. Metrotech Corp.*, 119 F.4th 984, 994 (Fed. Cir. 2024)).

The defendant argues that the KET Spider's C-shaped design is fundamentally inconsistent with the "closed" term found in claim 1.  But the plaintiff argues that the defendant seeks to prematurely limit the term to an "O" shaped ring structure. Dkt. No. 22 at 12. The plaintiff contends that the term is properly construed as requiring all spaced members to interconnect in the shape of a ring so that no space member moves freely with respect to another. *Id.* at 12–13.

As the plaintiff is the non-movant, the Court adopts its construction for the purposes of this motion and finds that it is arguably supported by the facts as pled. *See Adnexus*, 160 F.4th at 1222. While the defendant insists that its device also does not meet the requirements of the plaintiff's preferred construction, it does so by raising a factual dispute that requires discovery

and a claim construction hearing to resolve. *See* Dkt. No. 25 at 5–7. At this stage, the plaintiff need only identify portions of the infringing product that "arguably" supports its preferred claim construction. The Court therefore rejects the defendant's second argument.

### 3. The Complaint Pleads the "Direct Torque Resistance" Element.

The defendant finally asserts that the plaintiff fails to show that the KET Spider has an "outer periphery having the shape of [a rotary table's] opening for direct torque resistance transmitted from the pipe when supported by movable slips that are supported by said spaced members." Dkt. No. 18 at 10. Specifically, the defendant argues that the claim chart states that the term is satisfied "as shown above" without further explanation. *Id.*

The Court does not agree. The claim chart indicates the KET Spider's outer periphery on a diagram and identifies where the KET Spider's brochure represents that it is designed to fit a rotary table and transfer torque. *See.* Dkt. No. 1-2 at 3, 6-8. The Court therefore rejects this argument and **RECOMMENDS** that the defendant's motion to dismiss the plaintiff's direct infringement claim be **DENIED**.

### B. Indirect Infringement.

The defendant's only argument to dismiss the plaintiff's indirect infringement claim is that it must be dismissed if the direct infringement claim is dismissed. Dkt. No. 22 at 11–12. Because the Court has rejected the defendant's motion to dismiss the direct infringement claim, it **RECOMMENDS** that the defendant's motion to dismiss the plaintiff's indirect infringement claim be **DENIED**.

## IV.    RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the defendant's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 18) be **DENIED**.

## V.    OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 27th day of February, 2026.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE